# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID CABELLO,
    Plaintiff,

v.                          CIVIL ACTION NO. 18-CV-3944

DEPARTMENT OF
CORRECTIONS, *et al.*,
    Defendants.

FILED OCT 04 2018
KATE BARKMAN, Clerk
By_____: Dep. Clerk

## MEMORANDUM

**PRATTER, J.**                                                      **OCTOBER 3, 2018**

On July 19, 2018, *pro se* Plaintiff David Cabello filed this civil action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Department of Corrections, the Department of Justice, Dr. Northrop, the United States, and "John and Jane Does, et al." (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order entered on September 24, 2018, the Court denied Mr. Cabello's Motion without prejudice for insufficient financial information. (ECF No. 4.) The Court directed Mr. Cabello to either pay $400.00 (the $350.00 filing fee and $50.00 administrative fee) or submit a new motion for leave to proceed *in forma pauperis* within thirty (30) days. (*Id.*) The Court received Mr. Cabello's renewed Motion for Leave to Proceed *In Forma Pauperis* on October 1, 2018. (ECF No. 5.) For the following reasons, the Court will grant Mr. Cabello leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I. FACTS**

In his Complaint, Mr. Cabello states that he is "a pro se litigant who has filed many civil actions in the 3rd Circuit (all dismissed without prejudice) involving mental health diagnosis and

ENT'D OCT 04 2018

diabetes as an indigent prisoner and now needs to be proceed as an indigent civilian." (Compl. at 1.)[1] Mr. Cabello indicates that he "was convicted on August 26, 2015 while a federal investigation was active." (*Id.*) Public dockets reflect that on August 26, 2015, Mr. Cabello plead guilty to theft by unlawful taking-movable property in the Court of Common Pleas for Bucks County. *See Commonwealth v. Cabello*, Docket No. CP-09-CR-0000539-2015.

According to Mr. Cabello, Dr. Northrop was assigned to his case "for a competency and mental health diagnos[is] for trial on August 26, 2015." (Compl. at 1.) Dr. Northrup diagnosed him with Post-Traumatic Stress Disorder "and needed further study while a federal investigation was active to see if [Mr. Cabello] had been misdiagnosed with Bipolar Disorder; and/or study the effects of solitary confinement on mental illness that was not treated properly. This brings the Department of Justice into this action." (*Id.*)

Mr. Cabello alleges that in 2003, he was diagnosed with Bipolar Disorder by Dr. Gabriel of Penndel Mental Health during a court-ordered mental health evaluation. (*Id.*) However, he was subsequently told by a psychiatrist "at the Department of Corrections (DOC) that [he] did not suffer from Bipolar." (*Id.*) That psychiatrist also told Mr. Cabello that he "did not suffer from any mental health illnesses." (*Id.* at 2.) As a result, Mr. Cabello "suffered for over a decade as all the motions filed in the 3rd circuit explain." (*Id.*) On July 11, 2018, Dr. Margarita Torres of Penndel Mental Health diagnosed Mr. Cabello with Bipolar Disorder and PTSD. (*Id.*) According to Mr. Cabello, this diagnosis "opens an over a decade claim of misdiagnos[is] and conclusion to the investigation by the Department of Human Service; Dr. Northrop, Department of Justice and civil action against all but not limited to the Department of Corrections." (*Id.*) As relief, Mr. Cabello seeks "[a] conclusion and/or injunctive relief for this over a decade chain of

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

2

events, which satisfies the statute of limitations; and/or any and all other relief deemed appropriate." (*Id.*)

Mr. Cabello also includes a "Writ of Error" as part of his Complaint. He "moves in the open case of a state and federal investigation to assert his 5th, 6th, and 14th Amendment rights under the U.S. Constitution[] to correct the errors made in Court." (*Id.* at 6.) According to Mr. Cabello, when he pled guilty in state court, that court "failed to advise [him] that he needed counsel for the federal investigation opened by the alleged crimes committed before trial." (*Id.*) As a result, Mr. Cabello "was coerced to talk about alleged crimes he was not charged [with]." (*Id.*) Mr. Cabello alleges that this was due to him "not receiving proper mental health treatment caused by the error in the competency evaluation for trial." (*Id.*) He argues that the court's failure to so advise him violated his rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 7.) As relief, he states that "the state and federal courts must dismiss all alleged pending charges with prejudice." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Cabello leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Mr. Cabello is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Pursuant to 42 U.S.C. § 1983 and *Bivens*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). For the reasons set forth below, Mr. Cabello's Complaint fails to state a claim for relief.

#### 1. Claims Against the Department of Corrections

Mr. Cabello has named the Department of Corrections as a Defendant in this matter. However, Mr. Cabello cannot maintain his § 1983 claims against this entity because the Department of Corrections is an arm of the Commonwealth of Pennsylvania that shares in the Commonwealth's immunity and is not considered to be a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Accordingly, Mr. Cabello's claims against the Department of Corrections are subject to dismissal.

4

### 2. Claims Against the United States and the Department of Justice

Mr. Cabello also brings suit against the United States and the Department of Justice. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Although *Bivens* creates a damages remedy against individual federal agents for certain constitutional violations, it does not support a cause of action against federal agencies. *See id.* at 486; *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"). Accordingly, Mr. Cabello cannot maintain his constitutional claims against the United States and the Department of Justice. *See Keys v. United States Dep't of Justice*, 285 F. App'x 841, 842 (3d Cir. 2008) (per curiam) (affirming dismissal of *pro se* plaintiff's Bivens complaint against the Department of Justice).

### 3. Claims Against Dr. Northrop

In his Complaint, Mr. Cabello alleges that Dr. Northrop "was assigned to [his] case for a competency evaluation and mental health diagnos[is] for trial on August 26, 2015." (Compl. at 1.) While not clear, it appears that Mr. Cabello faults Dr. Northrop for failing to diagnose him with Bipolar Disorder in addition to PTSD. Dr. Northrop, however, is entitled to quasi-judicial immunity from Mr. Cabello's claims. *See Mikhail v. Kahn*, 572 F. App'x 68, 71 (3d Cir. 2014) (per curiam) (noting that quasi-judicial immunity "extends to evaluative functions when the evaluation is done . . . to assist the court in its decision-making process"); *see also Williams v. Consovoy*, 453 F.3d 173, 178-79 (3d Cir. 2006) (licensed psychologist who evaluated inmate for state parole board and presented his findings was absolutely immunized from suit for damages); *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001) (concluding that individuals enjoy judicial immunity when they "[act] as 'arms of the court,' similar to a guardian ad litem or a court-

appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request"). Thus, Mr. Cabello's claims against Dr. Northrop are also subject to dismissal.

### 4. Claims Against John and Jane Does

Finally, Mr. Cabello names "John and Jane Does, et al." as the final Defendant, but fails to mention any John or Jane Does in the body of his Complaint. Although it is appropriate for Mr. Cabello to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual named in the complaint was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Cabello's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Thus, at this time, Mr. Cabello has not stated a claim for relief against "John and Jane Does, et al."

### B. Writ of Error

As noted above, part of Mr. Cabello's Complaint is titled as a "Writ of Error," wherein he seeks dismissal of all pending state and federal charges. With respect to any pending federal charges against Mr. Cabello, "[w]here an adequate remedy at law exists, equitable relief will not be granted." *Iacona v. United States*, 343 F. Supp. 600, 603 (E.D. Pa. 1972). The United States Court of Appeals for the Third Circuit has concluded that a person indicted for violating a federal criminal statute has an adequate remedy at law if the question can be raised in the criminal prosecution. *See, e.g., Majuri v. United States*, 431 F.2d 469, 473 (3d Cir. 1970). Therefore, if Mr. Cabello has any federal charges pending against him, he has the opportunity to raise his objections in those proceedings. Moreover, the Court cannot intervene in any pending state charges against Mr. Cabello. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v.*

6

*Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").

## IV. CONCLUSION

The Complaint, as it presently stands, fails to state a plausible claim for relief pursuant to 42 U.S.C. § 1983. Moreover, the Court cannot grant Mr. Cabello the relief he seeks in his "Writ of Error." Accordingly, the Court will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice in the event that Mr. Cabello can cure the defects noted above and set forth a plausible claim for relief in which he sets forth the specific facts of specific defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

7